UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID GRANT PETERSON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>DONALD R HOLBROOK and JAY INSLEE,<br><br>　　　　　　　　Defendants. | Case No. C21-5337 DGE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: NOVEMBER 24, 2021 |

　　　　This matter is before the Court on plaintiff's failure to pay the filing fee as ordered by the Court. Dkt. 2. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons discussed below, the Court recommends that plaintiff's complaint dismissed without prejudice for nonpayment of the filing fee.

## DISCUSSION

　　　　Satisfaction of the filing fee—either through payment or through a grant of *in forma pauperis* (IFP) status—is a required prerequisite to filing a complaint. Here, plaintiff had filed his proposed complaint on May 6, 2021 and was notified on May 10 that his complaint was deficient. Dkt. 2. Plaintiff was instructed to either pay the filing fee or submit an application for IFP by June 9, 2021. The Court has not received either.

REPORT AND RECOMMENDATION - 1

Because the dismissal is *without* prejudice, plaintiff would be allowed to re-file his lawsuit and, at that time, pay the filing fee or submit an application for IFP. Although a dismissal without prejudice allows plaintiff an opportunity to re-file this complaint (or a different complaint), the Court is required to screen such a complaint and must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). If plaintiff chooses to re-file his complaint, it will be screened and, if found frivolous, malicious, or if it fails to state a claim upon which relief may be granted, the new complaint may be dismissed.

## CONCLUSION

The undersigned recommends that the Court dismiss plaintiff's complaint without prejudice, because he has failed to file a motion to proceed IFP; he has also failed to pay the filing fee.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **November 24, 2021**, as noted in the caption.

NOTING DATE: NOVEMBER 24, 2021 - 2

Dated this 10th day of November, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTING DATE: NOVEMBER 24, 2021 - 3